# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN M. PARISH,<br><br>    Petitioner,<br><br>v.<br><br>MICHAEL MARTEL, Warden, et al.,<br><br>    Respondents. | Case No.: 18cv1596-JAH (NLS)<br><br>**ORDER GRANTING IFP AND NOTICE REGARDING POSSIBLE DISMISSAL OF PETITION FOR FAILURE TO EXHAUST STATE COURT REMEDIES** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the use of a prior conviction to enhance his sentence on his current offense. (ECF No. 1.) He has also filed a motion to proceed in forma pauperis. (ECF No. 2.) Although the Court grants Petitioner leave to proceed in forma pauperis, the Petition is subject to dismissal because Petitioner has not alleged exhaustion of state court remedies as to the sole claim presented. The options available to avoid dismissal of the Petition on this basis are provided forthwith.

## <u>MOTION TO PROCEED IN FORMA PAUPERIS</u>

Petitioner has no funds on account at the California correctional institution in which he is presently confined and cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** his application to proceed in forma pauperis, and allows him to proceed without being required to prepay fees or costs and without being required to post security.

# **FAILURE TO EXHAUST STATE COURT REMEDIES**

Generally, applications for writs of habeas corpus which contain unexhausted claims must be dismissed. <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982). The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings. <u>See</u> <u>Sandgathe v. Maass</u>, 314 F.3d 371, 376 (9th Cir. 2002). The constitutional claim raised in the federal proceedings must be the same as that raised in the state proceedings. <u>Id.</u>

Although Petitioner raised claims on direct appeal alleging insufficient evidence to support his convictions and trial error in denying his motion for self-representation (<u>see</u> <u>People v. Parish</u>, 2014 WL 1214027 (Cal.App.Ct. Mar. 25, 2014)), he admits he did not raise the sole claim presented here, challenging the use of a prior conviction to enhance his current sentence, on either direct appeal or collateral review to the California Supreme Court. (Pet., ECF No. 1 at 3-6.) Accordingly, although Petitioner has exhausted state court remedies as to claims which are not presented in this action, he has not alleged exhaustion of state court remedies as to the sole claim presented here.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies as to the sole claim presented in the Petition.

## **NOTICE REGARDING POSSIBLE FUTURE DISMISSAL OF PETITION**

The Court hereby notifies Petitioner of his options to avoid the possible future dismissal of his Petition for failing to allege exhaustion of state court remedies.

### **i) First Option: Allege Exhaustion**

Petitioner may allege he has in fact exhausted state court remedies as to his claim.

## ii) **Second Option:  Voluntarily Dismiss the Petition**

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claim.  Petitioner may then file a new federal petition containing only exhausted claims.  See Rose v. Lundy, 455 U.S. 509, 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations.  Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies.  Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[1]  The statute of limitations does not run while a properly filed state habeas

---

[1] 28 U.S.C. § 2244 (d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

corpus petition is pending in state court. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) ("[W]e hold that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."), overruled in part by Carey v. Saffold, 536 U.S. 214, 225-26 (2002) (holding that if a petitioner unreasonably delays filing a habeas petition in a higher California court after a denial in a lower court, he is not entitled to statutory tolling during the gap between those petitions); but see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. Duncan, 533 U.S. at 181-82.

### iii) **Third Option:  Formally Abandon Unexhausted Claim**

Petitioner may formally abandon his unexhausted claim and proceed with his exhausted claims.  See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). This would require Petitioner to file an amended petition which contains only his exhausted claims, and he is cautioned that once he abandons his unexhausted claim, he may lose the ability to ever raise it in federal court.  See Slack v. McDaniel, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); see also 28 U.S.C. § 2244 (a)-(b).[2]

---

[2]  28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under §2254 shall be dismissed unless:

### iv) **Fourth Option: File a Motion to Stay the Federal Proceedings**

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. Petitioner must demonstrate there is an arguably meritorious claim which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to that claim, and that good cause exists for his failure to timely exhaust his state court remedies. Rhines v. Webber, 544 U.S. 269, 277-78 (2005); Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding that the Rhines stay and abeyance procedure is available for petitions which contain only unexhausted claims).

### **CONCLUSION AND ORDER**

Based on the foregoing, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis and **NOTIFIES** Petitioner that this action is subject to dismissal without prejudice for failure to allege exhaustion of state judicial remedies. Petitioner must notify the Court, **no later than September 17, 2018,** of which option he chooses. If Petitioner fails to respond to this Order, the Petition be dismissed without prejudice.

**IT IS SO ORDERED**.

DATED: July 24, 2018

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

---

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.